**Joseph Addison ANYAN, Jr.,**
**Plaintiff–Appellant,**

v.

**Richard E. NELSON, Clu, Cassandra**
**Y. Scott, Defendants,**

**George R. Gordon, New York Life Insurance Company, New York Life Insurance and Annuity Corporation, N.Y. Life Securities, Inc., Defendants–Appellees.**

No. 02–7497.

United States Court of Appeals,
Second Circuit.

July 7, 2003.

Joseph Addison Anyan, Jr., East Elmhurst, NY, for Appellant, pro se.

Frederick A. Brody, Winthrop, Stimpson, Putnam & Roberts, New York, NY, for Appellees.

PRESENT: B.D. PARKER, RAGGI, Circuit Judges, and SWAIN, District Judge.*

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 7th day of July Two thousand and Three.

Plaintiff–Appellant Joseph Addison Anyan, Jr., *pro se,* appeals from the district court's summary judgment dismissing his amended complaint that asserted claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and the New York State Human Rights Law ("NYHRL").

Anyan, a former insurance agent for New York Life Insurance Company ("NYLIC"), sued NYLIC, two of its subsidiary companies and three senior officers, claiming they unlawfully terminated his agency contract on account of his race, age and disability. In support of his claims, Anyan essentially alleged that defendants failed to provide him with the same contractual arrangements provided to similarly situated white and younger agents. Anyan also alleged that as a consequence of stress associated with his work, he contracted diabetes but that his employer, in violation of the ADA, refused to accommodate his disability.

Undisputed evidence before the district court established the following. In August 1980, Anyan signed an "Apprentice Field Underwriter's Agreement," which provided him a salary of $600 per month. Under this agreement, Anyan was considered NYLIC's employee, "subject to [NYLIC's] direction and control," and was required to comply with NYLIC's educational and training requirements. After meeting these requirements, in October 1981, Anyan signed an "Agent's Contract," which expressly provided that the term "agent" did not create an employer-employee relationship between Anyan and NYLIC. In 1983, Anyan signed a "Registered Representative's Agreement," which enabled him to solicit applications for the New York Life Variable Contracts Corporation ("VCC") in addition to NYLIC. This agreement provided that the 1981 "Agent's Contract" was in full force, including its provision that Anyan was an independent contractor.

---

* The Honorable Laura Taylor Swain, of the United States District Court for the Southern District of New York, sitting by designation.

Anyan's contract did not require him to work at NYLIC's offices or work a 40-hour week, nor did it extend him paid vacation, holidays, or sick leave. Anyan was paid only commissions, except for a fluctuating monthly paycheck based on previous policies. After 1983, NYLIC did not withhold state, local, or federal income taxes and during Anyan's career as an agent, he paid his own work-related expenses, and was free to hire his own secretarial and clerical assistants. Prior to 1996, he shared an office at NYLIC's corporate offices. Between 1996 and 1999, he rented a space from NYLIC.

As an agent for NYLIC, Anyan was required to meet certain production standards. Anyan failed to meet them in 1997 and 1998 and, as a result, he was placed on a quarterly probation for 1999. At the end of 1998, he was warned that his contract would be terminated if he did not maintain a *pro rata* "proactive" production level for the first quarter in 1999. Although Anyan failed to meet the level for the second and third quarters of 1999, his contract was not terminated under an "amnesty" program in effect during that period. Eventually Anyan's contract was terminated effective November 7, 1999 for failing to meet applicable production standards.

In 1996, Anyan developed diabetes, a condition he believed was caused by job-related stress. Anyan contended that his diabetic condition caused him to urinate frequently and consequently limited his ability to work, especially during his business travel. He contended that this condition was a "disability" under the ADA and the NYHRL that his employer failed to accommodate.

 Following discovery, the defendants moved for summary judgment. They contended, *inter alia*, that: (1) Anyan's Title VII claim failed because Title VIII does not protect independent contractors and, based on the evidence presented, a reasonable jury could only find that Anyan was an independent contractor; (2) even assuming Anyan was an employee within the meaning of Title VII, his discrimination claims failed because he produced only minimal evidence of discrimination, in contrast to the defendants substantial evidence that Anyan was terminated as a consequence of his failure to meet applicable production standards; (3) the ADA claim failed because, although Anyan presented some evidence that he had suffered from diabetes, a reasonable jury could not find that he suffered from a disability within the meaning of the ADA, as his testimony established that he was able to work by taking medication; (4) Anyan had failed to present evidence that age was a factor in the termination of his contract and, even assuming that the claim had been presented, it would be dismissed on the merits based essentially on the same analysis that applied to the other claims; and (5) the disability claim under the NYHRL failed because Anyan presented virtually no evidence that defendants discriminated against him based on his disability and there was no evidence that Anyan requested, or was denied, any type of reasonable accommodation. The District Court agreed and granted defendants summary judgment motion.

We review a grant of summary judgment *de novo*, drawing all inferences in favor of the nonmoving party, *see Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir.2000). We affirm for substantially the reasons stated in Judge Chin's thorough, comprehensive opinion.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.